## SACRAMENTO SUBURBAN FRUIT LANDS CO. v. SODERMAN. *

Circuit Court of Appeals, Ninth Circuit.
December 17, 1929.

No. 5686.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Arthur C. Huston, of Woodland, Cal., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is another of the Sacramento Suburban Fruit Lands cases. The specifications of error in this case, not covered by opinions in other cases, are based on rulings admitting or rejecting testimony, and on the instructions of the court. The appellee, as a witness in his own behalf, was asked what, if anything, was said in certain conversations concerning the reason for selling this valuable land to people in the east. The answer was that Mr. Bean was a millionaire and had a hobby of helping poor people out. No objection to the question was interposed until after the answer was given, and no motion was made to strike the answer. There is therefore no ruling before us for review. The witness was further asked the value of certain improvements on the land at the time of his purchase, consisting of two sections of chicken coops and a well. The question was objected to on the ground that the testimony was incompetent, and the witness not shown to be qualified. The witness was a carpenter by occupation, the question of his qualification rested largely in the discretion of the court, and we are unable to say that any abuse of discretion appears. In any event, every property owner is competent to testify as to the value of his own property.

It appears from the record that the appellee exchanged certain property in the state of Minnesota for the property here, and a witness for the appellant was asked if he knew the reasonable market value of the Minnesota property. The question was objected to as incompetent, irrelevant, and immaterial, and the court sustained the objection on the ground that the witness had covered the market value. The reason assigned for the ruling by the court does not seem to find support in the record, assuming

that all the testimony is here, but, be that as it may, the appellant did not inform the court what it expected to prove, and, so far as the record discloses, the answer might prove unfavorable to the appellant.

A witness for the appellant was asked on cross-examination if he could mention a single place in the vicinity that had produced a return of profit to its owner within the last five years. An objection to this question was interposed and overruled after the answer was given. The question itself would seem to be somewhat irrelevant to any issue in the case, but, inasmuch as the answer was, "I don't know. I never asked," no prejudice could result. After another witness had testified at some length as to investigations he had made, the court interposed an objection, saying: "I cannot see this is material at all. Proceed if anything material." Counsel then replied: "That is all I have." It thus appears that no testimony was in fact excluded.

We find no merit in the exceptions to the instructions of the court in the form in which the exceptions were taken, and the requested instruction on the question of intent was fully and correctly covered in the charge as given.

We find no error in the record, and the judgment is affirmed.